IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAREQ ISMAEL,<br>            Plaintiff, | )<br>)<br>) |
| v. | )  Civil Action No. 99-1932<br>) |
| ABBAS ALI, MANTON GIBBS,<br>AMERICAN SOCIETY FOR<br>COMPETITIVENESS, and INDIANA<br>UNIVERSITY OF PENNSYLVANIA<br>            Defendants. | )<br>)<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster                                January 31, 2007
District Judge

        This is an action in defamation.  Plaintiff, Tareq Ismael,

alleges that defendants, Abbas Ali, Manton Gibbs, and the

American Society for Competitiveness, authored several letters

accusing him of stealing money from participants in an academic

conference held in 1998.  Defendants Ali and Gibbs have filed a

motion for summary judgment [doc. no. 89], arguing that they are

entitled to sovereign immunity.  For the reasons set forth below,

we grant the motion.


I.    BACKGROUND

      A.    Procedural Background

        Plaintiff originally filed this case against Indiana

University of Pennsylvania, five of its employees, and two non-

profit corporations, the American Society for Competitiveness

("ASC") and the International Society of Competitiveness ("ISC").

Plaintiff accused all defendants of defamation, civil conspiracy, intentional infliction of emotional distress, and false light invasion of privacy.

Prior to the case being assigned to this Judge, IUP was dismissed on the basis of sovereign immunity. The court reserved judgment on whether the individual defendants were acting within the scope of their employment, and thus, also immune from suit. Following discovery, all defendants filed motions for summary judgment. The court granted the motions as to ISC, and three of the five individual defendants. In addition, the court found that only plaintiff's defamation claim could survive summary judgment. As such, after summary judgment what remained was a defamation case against two individual defendants (Ali and Gibbs) and ASC.

All defendants appealed the court's summary judgment ruling to the Court of Appeals for the Third Circuit. The Court of Appeals vacated the summary judgment opinion as to defendants Ali and Gibbs, and remanded with a directive to "revisit the issue of sovereign immunity" as to these two defendants. During the pendency of the appeal, the case was reassigned to this Judge. In order to comply with the Court of Appeals's instructions, and because this Judge was not the one who had previously considered or ruled on the issue of sovereign immunity in this case, we ordered defendants to submit a motion for summary judgment on the

sole issue of sovereign immunity. That motion is now before the court.

## B. Factual Background

Factually, this case begins with an academic conference held at the Eastern Mediterranean University in Italy in November of 1998. Plaintiff, who was affiliated with EMU, and defendant Ali, who was a professor at IUP, planned the Conference together. Ali and Gibbs were the Conference Program Chair and the Program Coordinator, respectively. Plaintiff was the Conference treasurer. The Conference was hosted by EMU and sponsored by former defendant IUP. Former defendant ISC was also a sponsor.

After the Conference was held, the individual defendants had concerns with how plaintiff handled the Conference finances. They expressed these concerns in a series of letters written to plaintiff, EMU, the Conference attendees, and the University of Calgary, plaintiff's employer. The University of Calgary initiated an investigation into plaintiff's involvement with the Conference. Defendants participated in that investigation by writing several more letters. Plaintiff claims that all of these letters were defamatory.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Similarly, summary judgment is improper so long as the dispute over the material facts is genuine.    Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 248-49.  Under these standards, the

4

non-moving party must do more than show there is "some metaphysical doubt" as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law because no reasonable jury could return a verdict in his favor.

III.   DISCUSSION

The sole question we must resolve in ruling on this summary judgment motion is whether defendants Ali and Gibbs are entitled to assert sovereign immunity. Under Pennsylvania law, "...the Commonwealth, and its officials and employees acting with the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit..." 1 Pa. Cons. Stat. Ann. § 2310. To be immune, a party must be the Commonwealth, or an official or employee thereof, and must have been acting within the scope of its duties.

There is no dispute that Ali and Gibbs are employees of the Commonwealth. Therefore, the dispositive question in this case is whether Ali and Gibbs were acting within the scope of their employment with IUP during their involvement with the 1998

Conference. An employee is acting within the scope of his employment if the conduct: (1) is the kind the employee is employed to perform; (2) occurs substantially within the authorized time and space limits; and (3) is actuated, at least in part, by a purpose to serve the master. Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000) (citing Restatement (Second) of Agency § 228 (1958)); Aliota v. Graham, 984 F.2d 1350, 1358 (3d Cir. 1993); Butler v. Flo-Ron Vending Co., 557 A.2d 730, 736 (Pa. Super. 1989) (adopting section 228). We find that the evidence is undisputed on all three factors. Therefore, we conclude that Ali and Gibbs were acting within the scope of their employment and are immune from suit.

First, participating in academic conferences is the kind of activity Ali and Gibbs were employed by IUP to perform. There is undisputed evidence that IUP professors are employed not only to teach class, but also to further their own, and the institution's, academic standing by publishing articles, speaking in public, and participating in academic conferences. IUP co-sponsored the 1998 Conference and devoted significant IUP resources and funds to the program. IUP officials knew that these defendants were involved in planning the Conference. The undisputed evidence establishes that the participation of these defendants in the 1998 Conference directly furthered the purpose of IUP by gaining it recognition and accreditation. A

6

reasonable jury could only conclude that this is the kind of work the defendants were employed to perform.

Second, there is no dispute that the activity occurred within authorized space and time limits. The evidence establishes that IUP devoted much time, money, and man power to the 1998 Conference. Ali and Gibbs' involvement in planning the Conference was not a secret, but was known and approved by IUP officials. This was an IUP sponsored program, and there is no evidence that the defendants used anything other than IUP time and resources to take part in it. A reasonable jury could only conclude that this work occurred substantially within the authorized time and space limits of defendants' employment.

Third, the conduct, at least in part, served the interests of IUP. As discussed above, the undisputed evidence establishes that IUP sponsored the 1998 Conference in order to boost its reputation and standing. These defendants' participation in the Conference directly served that interest of IUP. The fact that the Conference may have also benefitted Ali or Gibbs, or ASC or ISC is not determinative. Pennsylvania has adopted Section 226 of the Restatement (Second) of Agency, which states: "a person may be the servant of two masters, not joint employers, at one time as to one act, if the service to the one does not involve the abandonment of the service to the other." Coleman v. Bd. of Educ. of the School Dist. of Philadelphia, 383 A.2d 1275, 1279

7

(Pa. 1978) (adopting section 226 of the Restatement). In addition, Section 236 of the Restatement provides for the possibility that conduct could be within the scope of employment, although done in part to serve the purposes of two masters who are both interested in the performance of the same act, provided their interests are not opposed. Yaindl v. Ingersoll-Rand Comp., 422 A.2d 611, 619 (Pa. Super. 1980). Of particular relevance to this case is illustration number one to section 236, which finds that conduct taken both to complete a job faster and to avenge a personal insult is within the scope of employment. Restatement (Second) of Agency § 236 illus. 1 (1958). Therefore, even were we to accept plaintiff's theory that defendants wrote the letters out of personal spite, we could still conclude that they were written within the scope of employment.

Under the applicable law, there is no genuine dispute that defendants' work on the Conference served the interests of IUP, to an appreciable extent, and involved no abandonment of or opposition to IUP's interests. As such, the conduct remains within the scope of Ali and Gibbs' employment with IUP. A reasonable jury could only conclude that the conduct was actuated, at least in part, by a purpose to serve the master.

Contrary to plaintiff's contentions, we further find that there is no genuine dispute that participation in the Conference included addressing post-Conference financial issues. Although

plaintiff claims that the allegedly defamatory letters were written solely to harass him, the evidence does not support such a finding. Ali and Gibbs were the Conference coordinators. A conference organizer's duties include ensuring that participants and sponsors had a positive experience, and resolving any problems that have surfaced regarding the program.

In particular, Ali and Gibbs had a duty to protect the reputation of IUP, a Conference sponsor, against claims that Conference monies had been misspent, or converted to personal use, and to reclaim any such funds that properly belonged to the Conference participants or sponsors, including IUP. Looked at another way, had Ali and Gibbs not taken action to address possible improprieties in the handling of Conference funds, they would have been neglecting their duties to the participants and the sponsors, including IUP, their employer. They had a duty to IUP to protect its integrity, and fulfilled that duty by attempting to account for Conference funds.

The fact that these activities may have also served the interests of Ali and Gibbs personally (to "get even" with plaintiff) or ASC/ISC (by requesting that refund checks be drawn to them) does not foreclose the possibility that they also served the interests of IUP to an appreciable extent. Under the applicable legal standards discussed above, there is no genuine dispute that when defendants questioned how plaintiff handled the

9

Conference finances, they served the interests of IUP, at least in part, and engaged in no abandonment of or opposition to IUP's interests. No reasonable juror could conclude that Ali and Gibbs questioned plaintiff's handling of funds, not at all due to their role as Conference coordinators and IUP professors, but, instead, only and solely as a means of personal harassment. It is because of their positions as IUP professors and their roles in coordinating the Conference that they had the ability and interest to become involved in the issue of Conference finances at all.

It is important to note that we are not deciding whether plaintiff absconded with funds, whether Ali and Gibbs disliked plaintiff because they had a personal disagreement at the Conference, whether ASC and/or ISC are controlled by, related to, or affiliated with IUP, whether IUP was the primary sponsor of the Conference, or whether any particular official at IUP personally reviewed and approved each of the allegedly defamatory letters. As such, any factual disputes regarding these matters are not material to resolving this motion. To resolve this motion, we need only determine whether Ali and Gibbs were acting within the scope of their employment with IUP when they participated in the 1998 Conference, to include questioning plaintiff's handling of Conference funds. The facts on this

issue are not in dispute, and, therefore, summary judgment is appropriate.

We conclude that defendants Ali and Gibbs were acting within the scope of their employment when they took part in the 1998 Conference, including their activities to address any monetary discrepancies that arose after the Conference had concluded. No reasonable juror, when viewing the entirety of the record, could conclude otherwise.

IV.  CONCLUSION

For the foregoing reasons, we grant defendants Ali and Gibbs' motion for summary judgment.  An appropriate order follows.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAREQ ISMAEL,                        )
            Plaintiff,               )
                                     )
      v.                             )  Civil Action No. 99-1932
                                     )
ABBAS ALI, MANTON GIBBS,             )
AMERICAN SOCIETY FOR                 )
COMPETITIVENESS, and INDIANA         )
UNIVERSITY OF PENNSYLVANIA           )
            Defendants.              )

ORDER

AND NOW, this 31st day of January, 2007, IT IS HEREBY
ORDERED that defendants' motion for summary judgment [doc. no.
89] is GRANTED.   Judgment on the remaining defamation claim is
entered in favor of defendant Ali and defendant Gibbs.

BY THE COURT

_____, J.

cc:   All Counsel of Record

12